■ JILA SHIRAZI, Appellant, v YOUSSEF ILOULIAN, Respondent. [606 NYS2d 725] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered July 3, 1991, as denied her recovery of the amount paid to the defendant pursuant to an engagement agreement, referred to as a "dowry", based upon a finding that that property vested in the defendant upon the parties' marriage and remained the defendant's property upon their divorce. The notice of appeal from a decision and order dated June 11, 1991, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Based on the evidence adduced at the nonjury trial of this action, we find that the plaintiff failed to establish her entitlement to the amount paid prior to the marriage by her father to the defendant, pursuant to a so-called engagement contract. We note that no evidence appears in the record before this Court establishing how the disputed funds were used, although the testimony of one witness was that part of the money was used to obtain a passport permitting the plaintiff's entry into the United States.

We reject the plaintiff's contention that the trial court should have considered the provisions of a subsequent marriage contract purportedly requiring the defendant to repay the amounts he received from her father upon divorce. The plaintiff made no attempt to have the translation of the latter contract admitted into evidence during trial and did not offer it for consideration by the court until her belated motion for leave to reargue the determination concerning the disputed funds, which motion was denied by order dated September 13, 1991. We make no determination with respect to the applicability or effect of the subsequent contract.

In light of our determination that the plaintiff has failed to establish any right to the funds in question, we do not consider her claim that the court should have taken judicial notice of the exchange rate for Iranian currency at the time the disputed funds were paid to the defendant. Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.